**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CECIL L. ROSARIO and RAFAEL A. ROSARIO, individually as the surviving parents of FABIANA A. ROSARIO ECHEVARRIA, deceased, and CECIL L. ROSARIO, as Administrator of the Estate of FABIANA A. ROSARIO ECHEVARRIA,

Plaintiffs,

v.

TIKTOK INC.; TIKTOK LLC; TIKTOK PTE. LTD.; TIKTOK LTD.; BYTEDANCE INC.; BYTEDANCE LTD.; TIKTOK USDS JOINT VENTURE LLC; META PLATFORMS, INC.; INSTAGRAM, LLC; AVERY SPRIGGS; HEALING AT WATER'S EDGE, LLC; ADRIAN JANIT; ADRIAN JANIT PSYCHOLOGICAL SERVICES, L.L.C.; JOHN DOES 1–10; and ABC CORPORATIONS 1–10,

Defendants.

Case No. __________

**NOTICE OF REMOVAL**

Defendants Meta Platforms, Inc. and Instagram, LLC (collectively the "Meta Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by and through their undersigned counsel, hereby file this Notice of Removal of the above-captioned action from the State Court of Gwinnett County, Georgia, Case No. 26-C-09759-S5,

to the United States District Court for the Northern District of Georgia, Atlanta Division. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Defendants TikTok Inc., TikTok LLC, TikTok Pte. Ltd., TikTok Ltd., ByteDance Inc., ByteDance Ltd., and TikTok USDS Joint Venture LLC (collectively the "TikTok Defendants") consent to removal of this action to federal court. The Meta Defendants hereby reserve any objection as to the legal sufficiency of the claims alleged in the Action, and all other defenses. The Meta Defendants reserve the right to supplement and amend this Notice of Removal.

Removal is proper on the following grounds:

## I. BACKGROUND

1. A defendant may properly remove a civil action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because Plaintiffs are completely diverse from the Meta Defendants and TikTok Defendants, no nondiverse defendant is properly joined to the claims against the Meta Defendants and TikTok Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. All Plaintiffs are Georgia citizens. Compl. ¶¶ 8–9.

4. The Meta Defendants are not Georgia citizens; they are citizens of California and Delaware. Compl. ¶¶ 19–20.

5. Upon information and belief, no TikTok Defendant is a Georgia citizen. Compl. ¶¶ 11–17.

6. In addition to the Meta Defendants and TikTok Defendants, the Complaint also names four unrelated defendants, two of whom are alleged to be Georgia citizens. As explained below, the citizenship of these nondiverse defendants should be ignored for jurisdictional purposes because they are fraudulently misjoined under Rule 20 and thus subject to severance under Rule 21.

7. The Complaint also purports to bring claims against "Defendants John Does 1 through 10," Compl. ¶ 29, and "Defendants ABC Corporations 1 through 10," Compl. ¶ 30. "In determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). The citizenship of the "John Doe" and "ABC" defendants is therefore irrelevant.

8. Following removal, Meta expects the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this case to an existing multidistrict litigation ("MDL") proceeding in the Northern District of California, for coordination with other cases asserting similar claims against the Meta and TikTok Defendants. *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*,

MDL No. 3047 (N.D. Cal.). Should Plaintiffs seek remand, any remand questions should be decided by the MDL court. *Hall v. OrthoMidwest, Inc.*, 541 F.Supp.3d 802, 805 (N.D. Ohio 2021) ("Ordinarily, courts 'defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case.'" (quoting *Board of Cnty. Comm'rs of Seminole Cnty, Okla. v. Purdue Pharma L.P.*, 2019 WL 1474397, at *2 (E.D. Okla. Apr. 3, 2019))); *see also Fontanilles v. Merck & Co.*, No. 04-22799-CIV, 2004 WL 5569871, at *1 (S.D. Fla. Dec. 15, 2004) ("[T]he Court concludes that judicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand in order to give an opportunity to all similarly situated [] cases for transfer to the MDL Judge and to allow the MDL judge to resolve the issues presented by similar remand motions.").

## II. PLAINTIFFS' COMPLAINT

9. This action is one of thousands of lawsuits filed against various companies operating different online services that allow users to create, share, and view content with other users—companies which are lumped together under the term "social media"—based on alleged harms stemming from use of those companies' online services. The key allegations about "social media" are largely identical in these cases. On October 6, 2022, the JPML formed an MDL proceeding to coordinate actions where plaintiffs allege harms from the use of online services like those operated by Meta and TikTok. *See* **Exhibit A** (Transfer Order, *In re Social*

*Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047). There are currently over 3,300 cases pending in MDL 3047, most of which name Meta and/or TikTok as defendants.

10. On September 2, 2026, Plaintiffs brought this action, suing individually as the surviving parents of Fabiana A. Rosario Echevarria, ("Plaintiffs' Decedent"), a deceased Georgia resident, and on behalf of her estate. The Complaint was filed in the State Court of Gwinnett County, Georgia (the "State Court"). A true and correct copy of all process and pleadings served are attached as **Exhibit B** and are incorporated herein by reference. A copy of the State Court docket showing all activities to date is attached as **Exhibit C**. The Complaint asserts claims against the Meta Defendants and the TikTok Defendants relating to the operation of their social media platforms. It also asserts medical malpractice and related claims against Avery Spriggs, Healing at Water's Edge, LLC, Adrian Janit, and Adrian Janit Psychological Services, L.L.C. (collectively the "Mental Health Defendants"). Finally, the Complaint names as defendants "John Does 1–10" and "ABC Corporations 1–10" (collectively the "Fictitious Defendants").

11. Like the cases in MDL 3047, the central allegations of Plaintiffs' Complaint against the Meta Defendants and TikTok Defendants concern their social media platforms for communicating, displaying, and disseminating content among users. Compl. ¶¶ 93–106. Specifically, the allegations against these defendants

center on the design, distribution, and marketing of the Instagram and TikTok social media platforms, which Plaintiffs allege were engineered to maximize the time children spent on the platforms and the frequency with which they returned. Compl. ¶¶ 69–71, 93–94. Plaintiffs allege that the Meta Defendants and TikTok Defendants knew that adolescents are uniquely vulnerable to their product designs, *id.* ¶¶ 64–65, and that both groups of Defendants designed their products to be directed at that population. *Id.* ¶ 68.

12. The allegations against the Mental Health Defendants center on conduct that is both entirely different from and asynchronous with the conduct alleged against the Meta Defendants and TikTok Defendants. The Mental Health Defendants are not alleged to have any association whatsoever with Meta, Instagram, or TikTok. Instead, the Complaint alleges that the Mental Health Defendants—two licensed mental health professionals and the practices through which they rendered services, Compl. ¶¶ 22–28—assessed and treated Plaintiffs' Decedent but failed to meet the standard of care required of mental health professionals. *Id.* ¶¶ 3, 214–222. Specifically, despite clear signs that Plaintiffs' Decedent had contemplated suicide—including suicidal ideation beginning at approximately age eight, recurrent self-harm with identified means, an acknowledged suicide plan, and a refusal to disclose its details, *id.* ¶¶ 113, 129—the Mental Health Defendants did not perform and document comprehensive, structured

suicide-risk assessments, *id.* ¶¶ 114, 116, 120, 133; did not develop adequate safety plans or counsel restriction of access to lethal means, *id.* ¶¶ 117, 134–135; did not adequately engage Plaintiffs' Decedent's caregivers with the specificity her disclosures demanded, *id.* ¶¶ 116, 130, 136; did not escalate her care to crisis, psychiatric, or higher-level services, *id.* ¶¶ 121, 137; and did not communicate material risk findings to her other treating providers, *id.* ¶¶ 126, 138.

13. The Complaint asserts causes of action against the Mental Health Defendants for professional negligence and vicarious liability. Compl. ¶¶ 214–225. These claims have different factual underpinnings and are subject to different legal standards from the claims against the Meta Defendants and TikTok Defendants, which relate to alleged design choices for social media services and alleged failure to warn.

14. The Complaint asserts two counts against all defendants for (1) wrongful death, Compl. ¶¶ 225–227, and (2) estate claims for injuries in life and expenses, Compl. ¶¶ 228–233, but the factual allegations underlying those claims against the Meta Defendants and TikTok Defendants are entirely different from those underlying the claims against the Mental Health Defendants.

15. The Meta Defendants do not concede and reserve the right to contest, at the appropriate time, that any of Plaintiffs' allegations constitute a cause of action under applicable law. They reserve, and do not waive, any and all defenses,

including lack of personal jurisdiction, and no statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could recover any damages based upon the allegations of the Complaint or otherwise. This notice seeks only to establish that the conditions for removal are met: There is complete diversity between Plaintiffs and all properly joined defendants, and the amount in controversy is in excess of the jurisdictional minimum of 28 U.S.C. § 1332.

16. Meta Platforms, Inc. purportedly was served with the Summons and Complaint on September 4, 2026. Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiffs' Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (30-day removal period begins upon service of summons and complaint).

17. Meta Platform, Inc.'s time to respond to the Complaint in the State Court has not expired. O.C.G.A. § 9-11-12.

**III. PROPRIETY OF VENUE**

18. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district.

## IV. REMOVAL IS PROPER AS THERE IS DIVERSITY OF CITIZENSHIP OF PROPERLY JOINED PARTIES UNDER 28 U.S.C. § 1332(a)

19. Removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity between the Plaintiffs and all properly joined non-fictitious defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

### A. There is Complete Diversity of Citizenship Between Plaintiffs and the Meta and TikTok Defendants.

20. Plaintiffs allege that Cecil L. Rosario and Rafael A. Rosario are both residents of Georgia, Compl. ¶¶ 8–9, and that before her death, Fabiana A. Rosario Echevarria was also a resident of Georgia, Compl. ¶ 1. A natural person is a citizen of the state where the person is domiciled, i.e., the person's "true, fixed, and permanent home and principal establishment." *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

21. The Complaint correctly alleges that Meta Platforms, Inc. is "a Delaware corporation with its principal place of business at 1 Meta Way, Menlo Park, California" and that Instagram, LLC is "a Delaware limited liability company wholly owned by Meta as its sole member." Compl. ¶¶ 19, 20. These defendants are accordingly citizens of Delaware and California.

22. Accordingly, for purposes of diversity jurisdiction, there is complete diversity between Plaintiffs and the Meta Defendants. 28 U.SC. § 1332(a)

23. Upon information and belief, no TikTok Defendant is a citizen of Georgia, so Plaintiffs and the TikTok Defendants are also "citizens of different States." 28 U.S.C. § 1332(a). Meta's understanding is consistent with the Complaint. *See* Compl. ¶ 11 (TikTok Inc. is "a California corporation with its principal place of business at 5800 Bristol Parkway, Suite 100, Culver City, California 90230"); *id.* ¶ 12 (TikTok LLC is "a Delaware limited liability company"); *id.* ¶ 13 (TikTok Pte. Ltd. is "a Singapore private limited company"); *id.* ¶ 14 (TikTok Ltd. is "a Cayman Islands company"); *id.* ¶ 15 (ByteDance Inc. is "a Delaware corporation with its principal office at 1199 Coleman Avenue, San Jose, California 95110"); *id.* ¶ 16 (ByteDance Ltd. is "a Cayman Islands company"); *id.* ¶ 17 (TikTok USDS Joint Venture LLC is "a Delaware limited liability company headquartered in Culver City, California").[1]

[1] It does not appear that Plaintiffs' Complaint actually asserts (or could assert) claims specifically against all of the TikTok Defendants. For example, TikTok USDS Joint Venture did not exist until 2026 and so had no possible involvement in the events ending in 2024 on which Plaintiffs' claims are based. Plaintiffs vaguely allege that TikTok USDS Joint Venture may have taken over unidentified "liabilities" of certain prior entities, Compl. ¶ 17, but they plead no facts indicating that TikTok USDS Joint Venture would be liable for any of Plaintiffs' claims. Were any of the TikTok entities against whom no claims exist found to be non-diverse, their citizenship would properly be disregarded under the fraudulent joinder doctrine. *See Illoominate Media, Inc. v. CAIR Fla.*, Inc., 841 F. App'x 132, 136 (11th Cir. 2020).

24. Accordingly, for purposes of diversity jurisdiction, there is complete diversity between Plaintiffs and all of the properly joined non-fictitious defendants, i.e., the Meta and TikTok Defendants.

**B. The Citizenship of the Mental Health and Fictitious Defendants Are Properly Ignored for Jurisdictional Purposes.**

25. Plaintiffs allege that Adrian Janit is "a psychologist licensed by the State of Georgia" who "may be served at 211 Pleasant Home Road, Suite G1, Augusta, Richmond County, Georgia 30907." Compl. ¶ 25.

26. Plaintiffs allege that Adrian Janit Psychological Services, L.L.C. is "a Georgia limited liability company." Compl. ¶ 26.

27. Plaintiffs allege that Avery Spriggs is "a professional counselor licensed by the State of Georgia" who "resides in South Carolina." Compl. ¶ 22.

28. Plaintiffs allege that Healing at Water's Edge, LLC is "a South Carolina limited liability company registered to transact business in Georgia." Compl. ¶ 24.

29. The citizenship of the Mental Health Defendants is properly disregarded for purposes of removal, because Plaintiffs' claims against the Mental Health Defendants have been fraudulently misjoined.

30. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff improperly joins a

---

However, upon information and belief, all of the TikTok Defendants are diverse, so the Court should not need to reach that issue.

nondiverse party to defeat federal jurisdiction. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Fraudulent misjoinder (sometimes referred to as "procedural misjoinder"), occurs when "a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other." *Johnson v. Zoll Med. Corp.*, No. 5:20-CV-00402-TES, 2020 WL 7232879, at *3 (M.D. Ga. Dec. 8, 2020). This is precisely what Plaintiffs have done in this case.

31. Courts in this Circuit have regularly applied the fraudulent misjoinder doctrine to sever claims against a fraudulently misjoined party whose presence would otherwise destroy complete diversity. *See, e.g.*, *Formosa v. Lowe's Home Centers, Inc.*, 806 F. Supp. 2d 1181, 1187 (N.D. Ala. 2011), *Luria v. T-Mobile USA, Inc.*, No. 20-24012-CIV, 2021 WL 2905377, at *6 (S.D. Fla. Jan. 13, 2021), *report and recommendation adopted sub nom. Luria v. T-Moblie USA, Inc.*, No. 20-CV-24012, 2021 WL 2561793 (S.D. Fla. June 23, 2021). It is appropriate to sever claims against different defendant groups where "in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard provided under Rule 20 of the Federal Rules of Civil Procedure." *Johnson v. Zoll Med. Corp.*, No. 5:20-CV-00402-TES, 2020 WL 7232879, at *3 (M.D. Ga. Dec. 8, 2020). *See also*

*Tapscott*, 77 F.3d at 1360. Joinder under Georgia law mirrors the Federal Rules of Civil Procedure, and Georgia courts use the same test for permissive joinder as is used in federal court. *See Craven v. Allen*, 118 Ga. App. 462, 462 (1968) (Georgia's joinder statute "adopted verbatim the provisions of Rule 20, Fed.R.Civ.P"); *Am. Debt Found., Inc. v. Hodzic*, 312 Ga. App. 806, 810 n. 17, 18 (2011) (discussing test for permissive joinder).

32. The court overseeing MDL 3074, the nationwide litigation against Meta, Instagram, TikTok, and other companies that offer social media services, has held that fraudulent misjoinder is properly applied where (a) the plaintiffs brought claims against both diverse social media companies and nondiverse bad-actor defendants, (b) the claims against the social media companies "concern[ed] the design and development of social media platforms," and (c) the only "factual overlap" was that the nondiverse defendants "communicated [with one of the plaintiffs] through some of [those] platforms." *See Youngers v. Meta Platforms, Inc., et al.*, 2024 WL 5657779, at *2, 7–8 (N.D. Cal. July 8, 2024). The court severed the nondiverse defendants from the case and denied remand. *Id.* at 8. Similarly here, Plaintiffs' claims against the Mental Health Defendants are simply traditional tort claims against mental health providers that are completely separate from the claims against the Meta and TikTok Defendants. Plaintiffs' claims against the latter are grounded in alleged defects in the design and operation of their social media

products. Compl. ¶¶ 69–111, 158–213. Plaintiffs' claims against the Mental Health Defendants are based on the medical care they provided (or failed to provide) Plaintiffs' Decedent and thus do not arise from the same transactions or occurrences.

33. Under 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Defendants "John Does 1 through 10," Compl. ¶ 29, and "ABC Corporations 1 through 10," Compl. ¶ 30, are sued under fictitious names. Their citizenship is, therefore, irrelevant to whether this action is removeable.

34. Because the claims against the Mental Health Defendants are fraudulently misjoined, because no Meta Defendant or TikTok Defendant is a citizen of Georgia, and because the citizenship of the "John Doe" and "ABC" defendants must be disregarded, there is complete diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b); *Tapscott*, 77 F.3d at 1360 (holding complete diversity existed under 28 U.S.C. § 1332(a) due to fraudulent misjoinder of non-diverse defendants).

### C. The Amount In Controversy Exceeds $75,000.

35. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the amount in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

36. The Meta Defendants deny that Plaintiffs are entitled to any relief, but based on the allegations in the Complaint, the amount in controversy exceeds $75,000. Plaintiffs claim that they are entitled to compensatory damages for the "the full value of Fabiana's life and . . . damages recoverable under O.C.G.A. §§ 9-2-41 and 51-4-5(b).'" *Id.* ¶¶ 190, 196, 201, 206, 213. Courts have found claims for damages based on similar allegations sufficient to satisfy the amount-in-controversy threshold. *See, e.g.*, *Canal Ins. Co. v. Williams*, No. CV 111-035, 2013 WL 12241276, at *3 (S.D. Ga. Jan. 18, 2013) (holding that the jurisdictional threshold was satisfied because the decedent in that case was "a minor child with a lifetime of earnings ahead of him."). Under Georgia law, the "full value" of a child decedent's life "includes both the economic value of the deceased's normal life expectancy and the intangible element incapable of exact proof," such as the child's loss of "a parent's society, advice, example and counsel." *Bibbs v. Toyota Motor Corp.*, 304 Ga. 68, 75–76 (2018) (quoting *S. Fulton Med. Ctr., Inc. v. Poe*, 224 Ga. App. 107, 112 (1996)).

37. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a. this is a civil action within the meaning of Section 1332(a);

b. the relevant parties—those properly joined and not sued under fictitious names—are citizens of different states as required by § 1332(a)(1); and

c. the amount in controversy exceeds $75,000 as required by § 1332(a).

38. Accordingly, this action is properly removable under 28 U.S.C. § 1441(a).

**D. All Other Removal Prerequisites Have Been Satisfied.**

39. This Court has original jurisdiction over this action because complete diversity of citizenship exists, and the amount in controversy is satisfied.

40. The allegations made in this Notice of Removal are true and correct and within the jurisdiction of this Court.

41. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants that have been properly joined and served consent to removal.

42. The Mental Health Defendants are not properly joined in this action, and thus their consent to removal under 28 U.S.C. § 1446(b) is not required. 28 U.S.C. § 1446(b) ("When a civil action is removed solely under section 1441(a), ***all***

***defendants who have been properly joined*** and served must join in or consent to the removal of the action." (emphasis added)).

43. The "John Doe" and "ABC" defendants are not identified with specificity and have not been served with the Complaint, *see* Compl. ¶¶ 29–30, and thus their consent to removal under 28 U.S.C. § 1446(b) is not required.

44. By removing this action, the Meta Defendants do not waive any defenses available to them in federal or state court and reserve the right to assert all such defenses in their responsive pleading.

45. The Meta Defendants will today file or caused to be filed a copy of the Notice of Filing Notice of Removal to Federal Court with the State Court of Gwinnett County, Georgia, and will serve such Notice upon Plaintiff. A copy of this Notice of Removal is being served upon Plaintiffs.

46. If any question arises as to propriety of removal to this Court, the Meta Defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

47. The Meta Defendants reserve the right to amend or supplement this Notice.

***

WHEREFORE, Defendants Meta Platforms, Inc. and Instagram, LLC hereby remove this action from the State Court of Gwinnett County, Georgia, to this honorable Court.

Respectfully submitted.

This 24th day of September, 2026.

**SHOOK, HARDY & BACON LLP**

*/s/ Colin K. Kelly*
Colin K. Kelly
Georgia Bar No. 781072
ckelly@shb
Andrew P. Boyer
Georgia Bar No. 770786
aboyer@shb.com
1230 Peachtree Street NE, Suite 1200
Atlanta, GA 30309-3591
(470) 867-6012 (direct CKK)
(470) 867-6035 (direct APB)

**COVINGTON & BURLING LLP**
*/s/ Christopher Y. L. Yeung*
Christopher Y. L. Yeung (*pro hac vice* forthcoming)
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1262
cyeung@cov.com

*Attorneys for Meta Platforms, Inc. and Instagram, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 24, 2026** , I caused a true and complete copy of the foregoing to be electronically filed with the Clerk via the Pacer e-filing system, which will send notification of such filing to all counsel of record registered with the Court's Electronic Filing System. I further certify that the foregoing document complies with the font and format requirements set forth by Local Rule 5.1.

This 24th day of September, 2026.

*/s/ Colin K. Kelly*
Colin K. Kelly
Georgia Bar No. 781072